**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| KENNETH D. ROGERS, ANDREW W. DUNN, PAT H. COONE, BETTY S. COONE, WAYNE D. BUTCHEE, CLINT L. HINES, DAVID G. HINES, SYBIL K. JENKINS, and JAMES H. NUGENT, | § § § § § § § § | |
| *Plaintiffs*, | § | |
| v. | § § | CIV. ACTION NO. 1:04-CV-611 |
| JOE E. PENLAND, SR., ROBERT L. McDORMAN, C. MESHELL McDORMAN, DEON C. THORNTON MAC-PRO, LTD., MAC-PRO GP, L.L.C. McDORMAN MOTORS, LTD., McDORMAN MOTORS, GP, L.L.C. RLM MOTOR COMPANY LTD., and RLM MOTOR COMPANY GP, L.L.C., | § § § § § § § § § | |
| *Defendants*. | § | |

**ORDER DENYING DEFENDANTS ROBERT AND MESHELL MCDORMAN'S
MOTION FOR APPOINTMENT OF COUNSEL**

Before the court is Defendants Robert and Meshell McDorman's ("McDormans")[1] Motion for Appointment of Counsel [Doc. #289]. In addition, the McDormans filed two Motions to Proceed *In Forma Pauperis* [Doc. #287 and #288]. The McDormans seek to have the court appoint counsel in this civil lawsuit, which was filed July 3, 2003. Robert McDorman entered a plea on April 21, 2004 and was sentenced on August 18, 2004. Robert McDorman was incarcerated in December of 2004.

---

[1] The McDormans are not Plaintiffs trying to protect their Constitutional rights, rather they are Defendants being sued for monetary damages. Robert McDorman is an inmate and inmates need only be provided tools to attack their sentences and challenge the conditions of their confinement. *Lewis v. Casey*, 518 U.S. 343, 355, 116 S. Ct. 2174 (1996). "Impairment of any *other* litigating capacity is simply one of the incidental . . . consequences of conviction and incarceration." *Id.* (emphasis in original).

**A. Motions to Proceed *In Forma Pauperis***

These motions are denied as moot. The *in forma pauperis* statute, 28 U.S.C. § 1915[2] is designed to allow indigent parties to initiate civil actions without the pre-payment of fees. However, in this case, the McDormans filed their motions long *after* the initial filing fees had been paid. They are not initiating a suit, rather they are being sued. Therefore, the *in forma pauperis* request is DENIED as moot.

**B. Motion to Appoint Counsel**

The attorneys for the McDormans were excused by Court Order on May 7, 2004 [Doc. #143]. The Order stated that if a new attorney has not appeared by May 20, 2004, the McDorman Entities (which include Robert and Meshell McDorman) "shall be deemed to have elected to continue *pro s*e and shall be obligated to comply with the deadlines now in force in this case." [Doc. # 143]. The McDormans had ample time to inform the court of their desire to seek counsel. The court discussed proceeding *pro se* at several of the hearings in this case. Deadlines for filing motions in this court have long passed. The McDormans have decided to file this motion less than one month before the case is set to go to trial, presumably to delay the trial. The court is not going to delay the trial.

The Supreme Court has held that an indigent's right to appointed counsel exists only when the litigant may lose her personal liberty if she loses the litigation. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981). In civil cases, a court may request an attorney to represent an indigent party in a suit under the *in forma pauperis* statute, 28 U.S.C. § 1915(d). This

---

[2]"Proceedings *in forma pauperis*: Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

statute does not require the attorney to serve unwillingly, nor does it require appointment in any but exceptional circumstances.  *United States v. Forfeiture, Property, All Appurtenances and Improvements Located at 1694 Oceola, Wichita Falls, Texas*, 803 F. Supp. 1194, 1198 (N.D. Tex. 1992), citing *Mallard v. United States Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989) and *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).  Determination of "exceptional circumstances" rests within the sound discretion of the trial court.  *Branch*, 686 F.2d at 266.

Further, 28 U.S.C. § 1915(d) does not provide funds to compensate attorneys who may represent indigent parties upon a court's request.  *Mallard* makes clear that appointment of an attorney under Section 1915(d) amounts only to a request to serve.  *Mallard,* 490 U.S. at 298.  The Court's authority to provide compensation for appointed counsel is derived from 18 U.S.C. § 3006A, "the CJA," which only authorizes funding for attorneys appointed to represent a party in *criminal* or ancillary proceedings.  The court therefore does not have the authority to mandate that an attorney represent the McDormans in this matter.  The request is DENIED.

IT IS THEREFORE ORDERED that the McDormans' Motions to Proceed *In Forma Pauperis* **[Doc. #287 and #288]** are **DENIED** as moot.

IT IS FURTHER ORDERED that the McDormans' Motion to Appoint Counsel **[Doc. # 289]** is **DENIED**.  The McDormans should be ready to proceed to trial in June.

So **ORDERED** and **SIGNED** this **13** day of **May, 2005.**

_____
Ron Clark, United States District Judge