**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| KENNETH D. ROGERS, ANDREW W. DUNN, PAT H. COONE, BETTY S. COONE, WAYNE D. BUTCHEE, CLINT L. HINES, DAVID G. HINES, SYBIL K. JENKINS, and JAMES H. NUGENT, <br><br> *Plaintiffs*, <br> v. <br><br> JOE E. PENLAND, SR., ROBERT L. McDORMAN, C. MESHELL McDORMAN, DEON C. THORNTON MAC-PRO, LTD., MAC-PRO GP, L.L.C. McDORMAN MOTORS, LTD., McDORMAN MOTORS, GP, L.L.C. RLM MOTOR COMPANY LTD., and RLM MOTOR COMPANY GP, L.L.C., <br><br> *Defendants*. | CIV. ACTION NO. 1:04-CV-611 |

## ORDER re: PLAINTIFF JOE E. PENLAND SR.'S BILL OF COSTS

Before the court is Plaintiff, Joe E. Penland Sr.'s ("Penland") Proposed Bill of Costs [Doc. #395] and Plaintiffs' Objections to the Proposed Bill of Costs [Doc. #403]. This case has been litigated heavily by both Plaintiffs and Penland for over two years. The trial lasted nearly three weeks and both Plaintiffs and Penland obviously spent substantial time and money preparing for and trying the case.[1]

Plaintiffs first raise the argument that the costs submitted by Penland should be divided by three based upon other pending litigation involving similar parties and issues. Plaintiffs offer no legal support for this proposition and the court finds there is none. Accordingly, this request is

---

[1] For a detailed procedural history, see the Court's Order Denying Plaintiffs' Motion for Judgment as a Matter of Law, Motion to Alter or Amend Judgment, and Motion for New Trial [Doc. #408].

denied.[2]  Penland is the prevailing party according to Fed. R. Civ. P. 54(d).  The court finds the following costs reasonable.

**A. Depositions** = **$41,781.61**

Costs associated with depositions come under § 1920(2) and § 1920(4).  *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991); *see U.S. v. Kolesar*, 313 F.2d 835, 836-37 (5th Cir. 1963).  The deposition must, at the time it was taken, be expected to be used for trial preparation, rather than merely for discovery.  *Fogleman*, 920 F.2d 278, 285.  The same applies to a deposition copy, so long as the copy is not obtained for the mere convenience of counsel.  *Id.*  Depositions received into evidence are taxable are costs.  *In re Nissan Antitrust Litiation*, 577 F.2d 910, 918 (5th Cir. 1978).  If the deposition is not received into evidence, but is reasonably necessary to prepare a defense, the court may include it as a taxable cost.  *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th cir. 1982).

Penland called one witness by deposition, Robert J. Stevens.  Plaintiffs called one witness by deposition, William McNich.  Penland has made no showing of why Roger Meek, Ralph Likins, Karl Siebenthal, Victor Marino, or Steve Grantham were deposed, considering none of them testified at trial and none worked at MNB.  The court finds that these depositions were taken merely for discovery.  The court finds that the depositions listed below were reasonable and necessary for use at trial.

Penland is awarded the taxable cost for the depositions he noticed.  For those noticed by Plaintiffs, Penland is awarded the cost of one transcript copy.  Costs are not awarded for the ASCII charges.  Further, costs of depositions charged at rush delivery prices will be reduced by one half, to reflect their normal cost, as Defendant has provided no reason for requesting "rush delivery."

---

[2] Penland has made this same argument towards Plaintiffs on multiple occasions.

| | | |
|---|---|---|
| 1. | Donna Venable = | **$2,297.37** |
| 2. | Kyle Armitage = | **$1,584.10** |
| 3. | Barbara Waters = | **$1,306.30** |
| 4. | Kenneth Rogers = | **$2,825.03** |
| 5. | Pat Coone = | **$3,184.46** |
| 6. | Andrew Dunn = | **$1,229.13** |
| 7. | Harry Potter = | **$1,408.75** |
| 8. | Charles Williams = | **$1,261.45** |
| 9. | Wayne Butchee = | **$1,565.87** |
| 10. | Sybil Jenkins = | **$1,566.16** |
| 11. | R.J. Stevens = | **$487.13** |
| 12. | Meshell McDorman = | **$680.48** |
| 13. | Joe E. Penland, Sr. = | **$775.44** |
| 14. | Teresa Viator = | **$981.15** |
| 15. | Joe Vernon = | **$439.83** |
| 16. | William McNinch = | **$301.59** |
| 17. | Edward Lampman = | **$191.92** |
| 18. | James Roberson = | **$218.04** |
| 19. | Ronnie Wardwell = | **$150.21** |
| 20. | David Molina = | **$435.52** |
| 21. | Robert McDorman = | **$13,271.86** |
| 22. | Clint Hines = | **$848.04** |
| 23. | Pam Parker = | **$1,524.20** |
| 24. | Tracy Nelms = | **$416.63** |
| 25. | Judy Kveton = | **$624.68** |
| 26. | Evelyn Carabin = | **$419.04** |
| 27. | Natalie Hyde = | **$1,787.23** |
| | **Total:** | **$41,781.61** |

**B. Videotape Depositions = $0.00**

Videotaped depositions are not allowed as taxable costs in the Fifth Circuit. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1049 (5th Cir. 1998). Accordingly, Penland's requests for videotaped portions are denied.

**C. Daily Trial Transcripts = $10,211**

In order to award costs of daily transcripts, the transcripts must be "necessarily obtained for use in this case." *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (per curium); *J.T.*

3

*Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615-16 (5th Cir. 1984) (per curium). They must not be obtained for the convenience of the parties. *In re Nissan*, 577 F.2d 910, 918 (5th Cir. 1978).

Plaintiffs and Penland requested and received daily transcripts from the court reporter. The costs were equally shared by Plaintiffs and Penland. Both parties used the transcripts during trial and in their closing arguments to the jury. In this three week trial with over twenty witnesses, the court finds that the daily transcripts were "necessarily obtained for use in this case." In addition, since all pre-trial rulings were made on the record at the pre-trial hearings, which took place less than a week before the trial, the costs for these transcripts were reasonable and necessary. However, the parties also each received a copy of the transcripts on disc, which cost has been included in the request. There has been no showing that both a paper copy and an electronic copy were necessarily obtained for use in the case, rather than for counsel's convenience.

Therefore, the court finds that the costs of the original plus only one copy, divided by two since the parties split the costs, to be reasonable. The number of pages multiplied by $6.60 and divided by two will be the taxable amount.

1. Transcript of Pre-trial Hearing =   **$636.90**
2. Transcript of Docket Call =         $217.80
3. Daily Copy =                        $2,154.90
4. Daily Copy =                        $1,116.12
5. Daily Copy =                        $4,062.30
6. Daily Copy =                        **$2,022.90**
**Total:**                             $10,211

**D. Copy Costs = $4,401.60**

From what can be determined from the fee request Penland has requested costs for essentially every piece of paper copied throughout the entire litigation. Not every piece of paper that runs

4

through the copy machine is taxable. Penland has requested upwards of $50,000 for copy costs and the bills alone charge for close to 200,000 copies. That number is excessive. Penland has not done a sufficient job in separating which copy costs were "necessarily obtained for use in the case" versus which copy costs were merely for Penland's convenience or simply discovery related. Recognizing that there were thousands of pieces of paper in the litigation, the court will award copy costs for the copying of exhibits, which were submitted in notebooks. The court requested two copies of exhibits, one for use by the court and one by witnesses. Copy costs for the two sets will be taxable. It is not possible to decipher which of Penland's requested charges apply to the trial exhibits and there is no statement of the actual number of pages of exhibits. After reviewing the exhibit notebooks, the court finds that there are, on average, 660 pages per notebook. There were 24 notebooks provided per set. In addition, there were five banker boxes of exhibits, containing an estimated 5,000 pieces of paper. All together, the court awards Penland the copy costs for 36,680 copies. Penland did not request a certain price per page. The invoices submitted do not specify a price per page and range from $.08 to $.16 per black and white copy. Accordingly, the court finds the blended average of $.12 per page reasonable. The total is therefore **$4,401.60**.

**E. Document Imaging = $0.00**

The court finds that the costs incurred relating to document imaging and scanning are tantamount to the costs incurred in assembling exhibit books. The court finds that neither costs are available under § 1920.

**F. Audio/Visual Trial Support = $57,076.84**

From the beginning the court stressed to all parties that they needed to agree upon an efficient method to present the case. Both Plaintiffs and Penland engaged outside firms to assist

5

with the courtroom display technology. While the total cost of the trial support is high, the trial itself was nearly three weeks long and the parties used the trial technicians to present every aspect of their respective cases. The court deems the technology used at this trial necessary and reasonable. *See J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615-16 (5th Cir. 1984) (per curium).

The court finds that one trial technician (Don Gibson) was reasonable during the trial. Further, the court finds the bills submitted by Don Gibson to be reasonable, including his out of pocket expenses. These costs total $51,159.96. The costs of uploading images or scanning documents are not taxable. Plaintiffs will also be taxed the $5,916.88 bill submitted by Plaintiffs to Penland for work performed by their trial technician Stacey Manela.

**G. Transcript of Proffer of Proof Hearing = $181.88**

This transcript is allowable under § 1920 because it was obtained during the trial and necessary for use in the case. However, because the charges were for rush delivery, the cost is cut in half. The court presided over the proffer of proof hearing, and Penland has made no showing of why "rush delivery" was needed for this proffer of proof.

**H. Pacer Service = $0.00**

While Plaintiffs did not make the objection, Penland has not specified which cases he used Pacer for. The court is not going to make the assumption that all of the Pacer services billed to David Bernsen, Esq. were related to this case. These fees are denied.

**I. Expert Fees = $0.00**

Penland did not call any experts in their case-in-chief. They now seek to recoup all expenses related to their experts. In total, Penland seeks over $35,000 in expert expenses. The court initially notes that even if Penland were entitled to expert expenses, the rates awarded would be in

6

accordance with 28 U.S.C. § 1821, which allows for $40.00 per day of trial testimony plus reasonable travel and lodging.  Expert fees and expenses for experts who do not testify are not recoverable because there is no statutory authorization for them in § 1920.  Implicitly conceding this point, Penland has filed a separate motion for costs under Rule 26(b)(4)(C).

## Conclusion

The total amount of Defendant Joe E. Penland Sr.'s Bill of Costs this court finds reasonable and in accordance with 28 U.S.C. § § 1821, 1920 and its calculations is **$113,652.93**.

**IT IS THEREFORE ORDERED** that Plaintiffs shall pay Defendant Joe E. Penland Sr. a total sum of **$113,652.93**.

So **ORDERED** and **SIGNED** this **25** day of **August, 2005.**

_____
Ron Clark, United States District Judge