**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| KENNETH D. ROGERS, ANDREW W. DUNN, PAT H. COONE, BETTY S. COONE, WAYNE D. BUTCHEE, CLINT L. HINES, DAVID G. HINES, SYBIL K. JENKINS, and JAMES H. NUGENT, | § § § § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIV. ACTION NO. 1:04-CV-611 |
| JOE E. PENLAND, SR., ROBERT L. McDORMAN, C. MESHELL McDORMAN, DEON C. THORNTON MAC-PRO, LTD., MAC-PRO GP, L.L.C. McDORMAN MOTORS, LTD., McDORMAN MOTORS, GP, L.L.C. RLM MOTOR COMPANY LTD., and RLM MOTOR COMPANY GP, L.L.C., | § § § § § § § § § | |
| *Defendants.* | § § | |

## ORDER ON CROSS-MOTIONS FOR EXPERT FEES

Before the court are Defendant Joe E. Penland Sr.'s Motion for Expert Fees and Plaintiffs'

Response and Cross-Motion for Expert Fees.  The court notes that this case was tried in the Eastern

District of Texas, by Texas attorneys, representing Texas clients.  The usual custom in such cases

is for each side to pay its own experts, in the absence of abusive discovery  requests.  This custom

may grow out of the fact that it is the practice required by Tex. R. Civ. P. 195.7.  After all, parties

hire as many experts as they want, and agree to pay them whatever they think they are worth.  The

opponent is not a party to the fee agreement, but, when an expert is identified, usually must obtain

some discovery from the expert.[1]

---

[1] While there is a potential for a party to abuse an opponent who hires an expert under the Texas rule, by asking for excessive discovery, that risk is ameliorated by limits on the number and length of depositions.  On the other hand, under Fed. R. Civ. P. 26(b)(4)(C), a party may identify as many experts as it wants, and the experts may just happen to charge more for depositions than for other work on the case.  The "manifest injustice" and "reasonable fee" provisions may prevent such abuse, but only if the court takes the time to get involved in reviewing discovery requests and expert fees.

Evidently that was the implied understanding between the parties in this case, as neither made a request for fees under Fed. R. Civ. P. 26 (b)(4)(C) until after the jury verdict was returned and the Final Judgment was entered.  Only then did Penland file such a request.  Plaintiffs responded, stating they had thought that the parties would pay their own experts, but if not, they wanted to be paid for the costs of their experts.

In this case, Penland hired four experts.  Not unreasonably, Plaintiffs deposed them.  As it turned out, Penland called none of them to testify, and introduced none of their testimony at trial. However, while these circumstances, coupled with the late nature of the fee request, indicates a sharp application of the technical letter of the federal rules in this case, the matter probably does not rise to the level of  "manifest injustice," at least not to the request in its entirety.  However, "what is sauce for the goose, is sauce for the gander," so Plaintiffs' fee request under Rule 26(b)(4)(C)  will also be reviewed.  *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 333 (5th Cir. 1995).

Accordingly, the court has taken the time to review the fee requests in detail.  The parties will be awarded costs in accordance with 26(b)(4)(C)(i), which awards costs for the "time spent in responding to discovery under this subdivision . . . ."  Expert fees will be awarded, if clearly stated in the bills, for time spent in preparing for the deposition, traveling to the deposition, and attendance at the deposition.  Neither parties' experts were very specific about what time was spent in response to the discovery requests.  A party moving for fees or expenses should substantiate those requests, segregating properly compensable time from non-compensable time.  The court is not going to root through the statements of various experts as if on a search for truffles with which to award the parties.  None of the time claimed in the experts' bills was for responding to discovery, other than each expert's own deposition.  Of course, each expert might spend a great deal of time reviewing documents, or formulating opinions, but the Rule does not require the opponent pay for that. Therefore, fees will be awarded only for time clearly spent in preparation for a deposition, travel

to a deposition, or in a deposition.  While an opportunity to submit revised bills, and a full

hearing on the reasonableness of claimed fees might allow each side to demonstrate or clarify which

fees are for time actually spent in preparing for and participating in depositions, disputes over costs

should not become "satellite litigation."  *See City of Burlington v. Dague*, 505 U.S. 557, 566, 112

S. Ct. 2638 (1992).  The court finds the following expert fees are justified in light of the evidence

submitted.

**A. Plaintiffs' Experts = $9,972.50**

1.  Charles Williams

Mr. Williams testified about banking and the banking industry.  A reasonable fee for time

clearly denoted on his bill for his deposition preparation, travel to the deposition, and deposition

testimony is **$4,405.50**.

2.  Harry Potter

Mr. Potter testified about the bank's damages from the kite scheme.  A reasonable fee for

time clearly denoted on his bill for his deposition preparation, travel to the deposition, and

deposition testimony is **$5,567.00**.

**B.  Penland's Experts = $12,037.50**

1.  William Watkins

Mr. Watkins was retained by Penland to provide expert testimony on banking and the

banking industry.  Mr. Watkins billed 10 hours for "travel to Beaumont, attorney meetings, and

deposition preparation," on April 12, 2005.  The amount of time spent on travel or deposition

preparation was not segregated from the bill, so it will not be included.  A reasonable fee for time

clearly denoted on his bill for his deposition preparation, travel to the deposition, and deposition

testimony is **$2,250.00.**

2. Richard Roth

Mr. Roth was retained by Penland to provide expert testimony in the area of forensic accounting.  Mr. Roth billed 10 hours for "travel to Texas, meet with David."  Because the return travel to New Jersey was only 8 hours, the court will allow 16 total travel hours.  A reasonable fee for time clearly denoted on his bill for his deposition preparation, travel to the deposition, and deposition testimony is **$4,725.00.**

3. Roberta Wagner

Ms. Wagner was retained by Penland to provide expert testimony in the area of banks and the banking industry.  A reasonable fee for time clearly denoted on her bill for her deposition preparation, travel to the deposition, and deposition testimony is **$5,062.50**.

4. Jay Prassel

Mr. Prassel's situation is different.  At the *Daubert* hearing on June 1, 2005, the court stated that his testimony did not meet the reliability factors for expert testimony listed in Fed. R. Evid. 702, and discussed in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167 (1999) and *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239 (5th Cir. 2002).  The court also stated that, absent the provision of some additional authority by Penland, Mr. Prassel's testimony would go beyond court's ruling on the limitations of the *in pari delicto* defense.  *See* Pre-trial Hearing Transcript, June 1, 2005 p. 141-54; *Bateman Eicher, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310-11, 105 S. Ct. 2622 (1985); *In re Royale Airlines*, 98 F.3d 852, 855-56 (5th Cir. 1996).

To require a party to pay for the costs of a witness who was not even called, and against whom the court had sustained a *Daubert* challenge is manifestly unjust.  *See Anthony v. Abbott Labs*, 106 F.R.D. 461, 465 (D. R.I. 1985) (discussing exorbitant expert fees).  No fees will be awarded as to Mr. Prassel.

**Conclusion**

The difference between the fees claimed by Plaintiffs and those claimed by Penland is **$2,065.00** and is clearly not worth the time and expense of filing the motions and replies.  Even if the court were to bring both attorneys in and conduct a hearing and parse out each penny, the court suspects the difference would still be *de minimis*, when compared to the overall costs of litigation and the amount in controversy.

IT IS THEREFORE ORDERED that Joe E. Penland Sr.'s Rule 26 Motion for Costs and Expenses **[Doc. #404]** is **GRANTED in part** and **DENIED in part**, in that Penland is entitled to recover **$12,037.50**.

IT IS FURTHER ORDERED that Plaintiffs' Rule 26(b)(4)(C) Cross-Motion for Expert Fees **[Doc. #410] is GRANTED in part** and **DENIED in part**, in that Plaintiffs are entitled to recover **$9,972.50**.  Based on the net effect of these rulings, IT IS FURTHER ORDERED that Plaintiffs shall pay Joe E. Penland Sr. **$2,065.00**.  Neither party shall file a motion to recoup any attorney's fees related to these motions.

 So **ORDERED** and **SIGNED** this **9**   day of **September, 2005.**

_____
Ron Clark, United States District Judge